Dear Mr. Murchison,
You have requested an opinion of this Office regarding the authority of the Cane River Waterway District (the "District") in regulating certain activities on Cane River Lake.[1] The District is governed by the Cane River Waterway Commission (the "Commission") as set forth in La.R.S. 34:3262.
In your request, you explain that Cane River Lake is an oxbow lake associated with the Red River water system, is a navigable water body, and that there are earthen dams at the northern and southern ends of the lake. Your request stems from the lack of rainfall in the Cane River Lake area which has decreased the normal pool level in the lake.[2]This lack of rainfall has in turn led to inquiries by the Commission regarding the District's authority over the withdrawal of surface water from the lake by both riparian and non-riparian landowners in the area.
You specifically ask the following questions:
 1. May the Commission regulate the removal of water from the lake when the lake reaches a certain level below its pool stage? *Page 2 
 2. May the Commission regulate and/or enjoin the pumping of water from the lake by a non-riparian landowner?
 Withdrawal of Surface Water from Cane River Lake
Authority of Cane River Waterway District
La.R.S. 34:3262 sets forth that the District "is created for the object and purpose of establishing, operating and maintaining, individually or in co-operation with the federal government, the state and its various agencies, subdivisions and public bodies, a navigable waterway system to be known as the Cane River Waterway," and that "[t]o that end and for the purpose of this Chapter, the district shall be governed by a body or commission which shall be known as the Cane Waterway Commission."
La.R.S. 34:3269 sets forth the specific powers and authority granted to the District. It states, in pertinent part, as follows:
 In addition to the powers and authority elsewhere granted in this Chapter, the commission is hereby granted and shall have and may exercise all powers necessary or convenient for the carrying out of its objects and purposes, including, but without limiting the generality of the foregoing, the following:
 (1) To sue and be sued, and as such to stand in judgment.
 *** (6) To effectuate and maintain proper depths of water to accommodate the business of the commission, and to regulate the use of water from the waterway.
 *** (13) Notwithstanding any provision of law to the contrary and in particular R.S. 34:851.27, to otherwise regulate and be the regulatory authority of the Cane River Waterway and its use. By example, and not as a limitation, this is to include water traffic regulation, such as the size and speed of boats and other vessels.
With regard to regulating the removal, pumping, or withdrawal of water from Cane River Lake, La.R.S. 34:3269(6) clearly gives the District the authority to "effectuate and maintain proper depths of water" and "regulate the uses of water from the waterway," however, it is necessary to consider this authority alongside La.R.S. 34:3262, which *Page 3 
sets forth that the District "is created for the object and purpose of establishing, operating and maintaining, individually or in cooperation with . . . the state and its various agencies . . . a navigable waterway system to be known as the Cane River Waterway."
Withdrawal Sale of Running Surface Waters
Given the increased interest in the withdrawal of surface waters in our State, the Legislature recently enacted Act 955 of the 2010 Regular Session. That law creates a mechanism for the withdrawal and sale of running surface waters.[3] This law implements a procedure to allow the Department of Natural Resources ("DNR") to enter into cooperative endeavor agreements for the withdrawal of running surface water from bodies of water in Louisiana.[4] While this recent legislation specifically states that "[n]o provision contained in this Chapter should be construed as a requirement for any person or entity to enter into any cooperative endeavor agreement to withdraw running surface water" we advise the District to consult with DNR and the Attorney General before allowing any withdrawals of surface water from Cane River Lake for non-riparian uses to ensure full cooperation with the State agency, DNR, that regulates this issue on the State's behalf and on behalf of all other areas of the State without a local regulatory body with jurisdiction over this issue, like the Cane River Waterway District.
It is the opinion of this Office that the Cane River Waterway District clearly has the authority to effectuate and maintain proper depths of water, and regulate the use of water from the Cane River Lake as provided in La.R.S. 34:3269 (6) and (13). This authority establishes regulatory control over the waters within the District, but does not grant the District any rights with regard to actually charging for the withdrawal of and/or selling the waters at issue. Therefore, while the District holds regulatory authority over the waters within its District, it should (1) consult or notify DNR of any issues involving the withdrawal and/or sale of surface water from Cane River Lake by non-riparian landowners, and (2) continue to use its authority to "benefit of the people of the state, for the increase of their commerce and prosperity, and for the improvement of their health and living conditions" as required by La.R.S. 34:3268. In ensuring that the District's actions benefit the people of the state and improve their health and living conditions, it is also important to discuss the rights held by riparian landowners. *Page 4 
General Rights of Riparian Land Owners
Louisiana law states that "[t]he owner of an estate bordering on running water may use it as it runs for the purpose of watering his estate or for other purposes."[5] The law also states that "[t]he owner of an estate through which water runs . . . may make use of it while it runs over his lands. He cannot stop it or give it another direction and is bound to return it to its ordinary channel where it leaves his estate."[6] Accordingly, riparian landowners clearly have the ability to withdraw and/or use the running waters for the benefit of their estate, but not in a volume that will impair the rights of any riparian owners or in such a manner that will abrogate other laws (e.g., the District's authority to regulate the Cane River Lake). Such uses must also not unduly or unreasonably impair the resource itself under La.Const. Art. IX, § 1, or amount to such a volume that would constitute a divestiture of State things in violation of La.Const. Art. VII, § 14 (A).[7] In this specific situation, the District has the authority to regulate the uses of the surface waters in Cane River Lake and establish safe water levels that will essentially protect the riparian rights of all landowners around the lake. Therefore, if the District decides to regulate the removal of water from the lake when the lake reaches a certain level, or if the District regulates or enjoins the pumping of water from the lake by a non-riparian landowner, it will indisputably be "effectuate[ing] and maintain[ing] proper depths of water" and "regulat[ing] the uses of water from the waterway," and protecting the riparian property rights of all landowners around the lake that are codified in La.C.C. Arts. 657 and 658.
Therefore, while this Office has consistently stated that riparian owners have the right to physically access the public waters, like Cane River Lake, for the purposes contemplated by La.C.C. Art. 657 and La.R.S. 9:1101, and to use these waters for reasonable agricultural, aquacultural, and other riparian uses pursuant to La.R.S. 9:1104, the District's authority to control the use of the waters of Cane River Lake is a regulatory function that, in essence, may encumber certain property rights established in the Civil Code. This encumbrance is for the benefit of all landowners around the lake.
Your opinion request makes a distinction between the District regulating the withdrawal of water from the lake by riparian and non-riparian landowners. However, this Office is of the opinion that the District's authority pertains specifically to the level and use of the water in the lake, which affects riparian and non-riparian landowners alike. Therefore, your distinction is immaterial for the purposes of this opinion. However, it should be noted that La.R.S. 34:3276 states that "the Chapter [establishing the District's authority (La.R.S. 34:3261, et.seq.)] shall be liberally construed to promote the purposes for *Page 5 
which it is enacted." The purposes for which La.R.S. 34:3261 et seq., was enacted was clearly for regulating the water and water level of Cane River Lake, which applies to both riparian and non-riparian landowners alike.
Your request also provides certain reasons and rationales behind the District's motive to regulate the removal or pumping of water from Cane River Lake. Although such information is immaterial in this opinion on the authority of the District, this Office recommends that the District should ensure that its motives for such regulation are clear to the public and that such motives are consistent with the District's authority to "benefit of the people of the state, for the increase of their commerce and prosperity, and for the improvement of their health and living conditions" as required by La.R.S. 34:3268.
CONCLUSION
The Cane River Waterway District has the authority to effectuate and maintain proper depths of water, and regulate the use of water from the Cane River Lake as provided in La.R.S. 34:3269 (6) and (13). This authority applies to the regulation by the Cane River Waterway District, of any withdrawal, removal, and/or pumping of water from Cane River Lake. The District's use of this authority is consistent with the law provided that the District enacts regulations for the "benefit of the people of the state, for the increase of their commerce and prosperity, and for the improvement of their health and living conditions" as required by La.R.S. 34:3268.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ DANIEL D. HENRY JR. Assistant Attorney General
 JDC/DDH/jv
 cc: Scott Angelle Secretary, Dept. of Natural Resources
[1] It should be noted that while your request deals with issues involving Cane Lake specifically, that the authority of the Cane River Waterway Lake District, provided in La.R.S. 34:3261, et seq. applies to all of all the territory located within the Parish of Natchitoches. La.R.S. 34:3261.
[2] You specifically note that the normal pool stage of the lake, as regulated by a spillway, is roughly 98 feet above mean sea level.
[3] La. Atty. Gen. Op. No. 10-0173. Act 955 of the 2010 Regular Session enacted Chapter 9-B of Title 30 of the Louisiana Revised Statutes, specifically La.R.S. 30:961-963.
[4] Id.
[5] La.C.C. Art. 657.
[6] La.C.C. Art. 658.
[7] See La. Atty. Gen. Op. Nos. 08-0176, 09-0028, 09-0066, 09-0291, and 10-0173.